O’Neill, J.
{¶ 1} In a plea negotiation, appellee, Kareem Gilbert, received the benefit of a bargain with the state but simply chose not to live up to his end of the deal.
{¶ 2} After he was indicted on several charges, Gilbert agreed in a plea agreement to testify against his father, Ruben Jordan, in a murder case. In exchange, some of the charges against Gilbert were amended or dismissed. The trial court proceeded to sentence Gilbert without waiting for him to testify against his father as anticipated in the plea agreement. Later, after he began serving his time in prison, he refused to testify as promised. A year after he was sentenced, the state claimed that Gilbert had breached the plea agreement by failing to give truthful testimony against his father. He was brought back to court from prison, the trial court threw out the former plea, and Gilbert entered a second plea. He was resentenced, and he then appealed to the First District Court of Appeals. That court reversed the trial court’s decision, holding that the trial court did not have the authority to reconsider its own final judgment. We agree.
{¶ 3} Once the final judgment was entered and Gilbert was sentenced to prison, the trial court lost jurisdiction to vacate its judgment of conviction and to resentence Gilbert. There must be finality to a court’s judgment. There is no *151 authority for a court to revisit a sentence that has already been imposed based on a defendant’s failure to fulfill his obligations under a plea agreement.
Facts and Procedural History
{¶ 4} Kareem Gilbert was indicted by the Hamilton County Grand Jury on March 12, 2009, on two counts of aggravated murder with firearm specifications, two counts of having weapons while under disability, and one count of intimidation of a witness. On May 18, 2010, Gilbert entered into a plea agreement whereby he would plead guilty to one count of manslaughter with a firearm specification, one count of having weapons while under disability, and one count of intimidation of a witness and be sentenced to 18 years in prison. In exchange, Gilbert agreed to cooperate with the state and testify in a murder prosecution against his father, Ruben Jordan. Gilbert was sentenced the same day to 18 years’ imprisonment.
{¶ 5} On May 18, 2011, exactly one year later, the state asked the trial court to vacate Gilbert’s plea because he had failed to cooperate with the state in its prosecution of Jordan. The trial court granted the request, withdrew the original plea agreement, and vacated the sentence. Based upon the trial court’s action, Gilbert entered into a second plea agreement and was sentenced to imprisonment for 18 years to life. He filed a direct appeal on June 23, 2011, and subsequently filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were no meritorious issues to argue. However, on March 30, 2012, the appellate court ordered briefing on the issue whether the trial court had authority to grant the state’s motion to vacate Gilbert’s original plea and then reconsider its own judgment and resentence Gilbert. 2012-Ohio-1366, 2012 WL 1072749, ¶ 7-11.
{¶ 6} On January 30, 2013, the appellate court reversed the trial court’s decision by a two-to-one vote. 2013-Ohio-238, 2013 WL 359660. Specifically, the appellate court held that the trial court did not have the authority to reconsider its final judgment after the defendant had been sentenced. The fact that the defendant had breached the plea agreement was and is irrelevant. Once the defendant was sentenced, a final order existed, and there was no authority for the trial court to revisit its judgment even though the plea agreement had been breached. The court of appeals reversed and remanded to the trial court to vacate its May 2011 order granting the state’s motion to vacate the original plea and sentence and to reinstate its May 2010 sentence.
Analysis
{¶ 7} The question at the center of this appeal is whether a trial court can revisit its earlier acceptance of a plea agreement and final judgment when a defendant fails to abide by the terms of that plea agreement. The answer to this *152 question is undoubtedly no. The state argues that the plea agreement is a contract between the state and the defendant and that a breach of that contract requires a court to revisit the original plea and treat it as though the agreement had never been made. While this may appear to be an equitable outcome, it simply is not supported by the law. It would require that a trial court have jurisdiction to reconsider its own valid final judgment.
{¶ 8} Crim.R. 32(C) lists the requirements for a valid final judgment in a criminal case. It provides that a judgment must set forth the fact of the conviction, the sentence, the judge’s signature, and the time stamp indicating that the clerk entered the judgment in the journal. We have said that such a judgment “is a final order subject to appeal under R.C. 2505.02.” State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 1. See also State v. Carlisle, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11 (a judgment.of conviction is final when it meets each of the requirements of Crim.R. 32(C)). In the present case, the May 24, 2010 judgment of the trial court finding Gilbert guilty and sentencing him to 18 years in prison satisfied each of those four requirements. It was, therefore, a valid final order. Additionally, “[a]bsent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.” Carlisle at ¶ 1. This court is committed to the principle that finality creates “ ‘ “certainty in the law and public confidence in the system’s ability to resolve disputes.” ’ ” Miller v. Nelson-Miller, 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568, ¶ 18, quoting Strack v. Pelton, 70 Ohio St.3d 172, 175, 637 N.E.2d 914 (1994), quoting Knapp v. Knapp, 24 Ohio St.3d 141, 144-145, 493 N.E.2d 1353 (1986).
{¶ 9} Once a final judgment has been issued pursuant to Crim.R. 32, the trial court’s jurisdiction ends. While this court does not dispute the fact that contract principles generally apply to the interpretation and enforcement of plea agreements, State v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50, those principles are not so flexible as to permit jurisdiction to be maintained in perpetuity to enforce such agreements.
{¶ 10} The state also argues that Gilbert submitted to the court’s jurisdiction when he entered a second plea after he was brought back to the trial court for resentencing. But the trial court no longer had jurisdiction, and a defendant cannot waive that which does not exist. Colley v. Colley, 43 Ohio St.3d 87, 92, 538 N.E.2d 410 (1989) (subject-matter jurisdiction generally cannot be effected by agreement or consent). In State v. Purnell, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 12 (1st Dist.), the First District Court of Appeals stated:
The parties cannot confer by consent or acquiescence subject-matter jurisdiction on a court where it is otherwise lacking. See Colley v. Colley *153 (1989), 43 Ohio St.3d 87, 92, 538 N.E.2d 410, citing Commodity Futures Trading Comm. v. Schor (1986), 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675; see, also, State v. Flynt (1975), 44 Ohio App.2d 315, 317, 73 O.O.2d 373, 338 N.E.2d 554 (“Since jurisdiction of subject matter is fixed by law, the consent of the defendant cannot create such jurisdiction”).
{¶ 11} The state relies on numerous cases to support its argument that the trial court retains jurisdiction when a defendant breaches a plea agreement, including Bethel; State v. Adkins, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729; and State v. Gilroy, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19. However, in each of these cases, the defendant had not been sentenced at the time the trial court considered whether the plea agreement had been breached. Thus, each of these cases is distinguishable because the trial court’s jurisdiction was not an issue. Instead, in each of these cases, the state followed the common practice of ensuring that the defendant had complied with the plea agreement prior to imposing the sentence and entering a final judgment. Should a defendant experience a change of heart and renege on a plea agreement before a sentence has been imposed, the trial court is still able to ensure that the defendant does not receive anything that he or she is not entitled to receive regarding the dismissal of any charges or a lesser sentence. There is no justification to create an exception from this standard procedure.
{¶ 12} In its second proposition of law, the state asserts that double jeopardy does not prevent the second prosecution of Gilbert. A review of the appellate court’s opinion, however, reveals that it never addressed Gilbert’s double-jeopardy argument but found, instead, that it was moot. It appears that the state raised this argument to preempt Gilbert’s possible argument that the resentenc-ing was prohibited by double jeopardy. It is not an affirmative argument, and based on our decision to uphold the decision of the First District Court of Appeals that Gilbert could not be reconvicted and resentenced on grounds other than double jeopardy, it is moot.
Conclusion
{¶ 13} Based upon the foregoing analysis, we hold that once a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant’s guilty plea and sentence based upon the defendant’s alleged violation of a plea agreement. If the trial court is concerned with the defendant abiding by the terms of the plea agreement, the solution is to postpone sentencing until after the defendant has performed the desired act. As every teacher knows, you reward the student after the desired behavior occurs, not before. Much like teaching, plea negotiations are driven by *154 the fact that the incentive to do the act in question disappears once the reward has been given.
{¶ 14} The judgment of the court of appeals is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed.
O’Connor, C.J., and Pfeifer, Lanzinger, and French, JJ., concur.
O’Donnell and Kennedy, JJ., dissent.