[Cite as *State v. Schlichter*, 2015-Ohio-5276.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-1020 |
| | | (C.P.C. No. 11CR-931) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Arthur E. Schlichter, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on December 17, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Scott & Nolder Co., LPA*, and *Steven S. Nolder*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, P.J.

{¶ 1} This is an appeal by defendant-appellant, Arthur E. Schlichter, from a decision and entry of the Franklin County Court of Common Pleas denying his motion for specific performance on a plea agreement.

{¶ 2} On April 29, 2011, a grand jury returned an indictment charging appellant with one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a felony of the first degree, and 12 counts of theft, in violation of R.C. 2913.02 (one count of theft as a felony of the first degree, one count of theft as a felony of the second degree, six counts of theft as felonies of the fourth degree, and four counts of theft as felonies of the fifth degree). Appellant subsequently entered a guilty plea to all of the counts as charged

in the indictment except as to the second count, to which he entered a guilty plea to one count of theft as a felony of the second degree.

{¶ 3}   On September 15, 2011, appellant and the state entered into a written plea agreement.  The terms of the agreement provided in pertinent part:

> 2. The parties will jointly recommend to the Court that the defendant receive a sentence of 10 years imprisonment on count one, eight years on both counts two and three; one year on counts four, five, eight and nine; and 18 months on counts six, seven, ten, eleven, twelve and thirteen at the Ohio Department of Rehabilitation and Correction (ODRC). The parties will jointly recommend that these state court sentences be run concurrently with each other for a total state court prison sentence of ten years imprisonment.  The parties will also jointly recommend that the total ten year state court sentence be served concurrently with any sentence that the defendant receives for a series of federal offenses that will be prosecuted in the United States District Court for the Southern District of Ohio upon completion of this guilty plea and imposition of sentence in this case.
>
> 3. After the defendant has been sentenced in this state court case the defendant shall be arrested on a federal warrant and taken into federal custody in order to resolve the federal charges to be filed in the United States District Court in Columbus. The parties agree that if the defendant receives a federal sentence that is less than ten years the State will file a detainer with the Bureau of Prisons to require the balance remaining on his concurrent ten year state sentence to be served in ODRC.
>
> 4. The 10-year term of state imprisonment that the court imposes in this case shall commence to run concurrently and on the same day that the defendant begins serving his federal sentence at the Federal Bureau of Prisons.  If the defendant completes his federal sentence in less than 10 years, the remaining term of imprisonment from this case will be served at the Ohio Department of Rehabilitation and Corrections.

{¶ 4}   By judgment entry filed October 5, 2011, the trial court sentenced appellant on the various counts, with all counts to "run concurrent with each other * * * plus consistent with the attached plea agreement, for a total of ten (10) years to be served at the Ohio Department of Rehabilitation and Correction.  Sentence will not commence until defendant reports to Federal BOP."

{¶ 5}  Following the trial court's imposition of sentence, appellant was released on bond and then placed in federal custody pursuant to paragraph three of the plea agreement.   On October 3, 2011, a federal magistrate released appellant on bond. Appellant remained on release status until January 18, 2012, when he was arrested for drug use while on federal pre-trial supervision.  On May 4, 2012, the federal district court imposed a 127-month sentence, to be served concurrently with the state court's 10-year (120-month) sentence.

{¶ 6}  On March 25, 2013, the prosecutor sent a letter to the records office at the federal facility where appellant was imprisoned, which stated in part:

> The purpose of this letter is to assure that your prison and the BOP have the Ohio state court judgment entry in your records office as a detainer against this inmate should he be eligible for or be released from your custody prior to completion of 120 full months in your federal institution or facility.  If he is released from federal prison prior to serving the complete 120 months on the state RICO count the inmate is required to serve the balance remaining on that 10 year sentence in the Ohio Department of Rehabilitation and Correction per paragraphs 3 and 4 of the plea agreement and terms of the judgment entry.
>
> In addition, the inmate's plea agreement and state judgment entry provide that the 10 year state sentence commenced upon the date the sentence was imposed and executed, which in this case was May 4, 2012.  Thus, the expiration of the state court sentence would be May 4, 2022 less 214 days of jail time credit for pre-sentence confinement – which would be on or about October 1, 2021.

{¶ 7}  On December 6, 2013, appellant filed a motion for specific performance on the plea agreement.  In the accompanying memorandum in support, appellant argued that the prosecutor's March 25, 2013 letter to the records office, formally lodging a detainer for his state sentence, violated paragraph three of the plea agreement because the federal sentence he received was more than ten years imprisonment.  Appellant further argued that the prosecutor's action resulted in "the addition of security points for the presence of the detainer that has left him housed at a medium-level facility" (as opposed to a "low-level facility"), and that the presence of the detainer deprived him of the opportunity to participate in rehabilitative programs offered in the federal prison system.

{¶ 8} On January 9, 2014, the state filed a memorandum contra appellant's motion for specific performance, asserting that appellant's plea agreement, "and the surrounding facts," call for appellant's ten-year state sentence "to commence on May 4, 2012 and end on May 4, 2022, less 214 days jail time credit, which would release him from custody on October 2, 2021."  According to the state, an "inmate locator web site" maintained by the Federal Bureau of Prisons ("BOP") indicated that appellant's release date from federal custody would be August 18, 2020, "one year and 45 days (402 days) before completion of his 10 year [state] sentence."  (Emphasis deleted.)  The state asserted that the method available to it, and "contemplated by the plea agreement, is for the State to file a detainer with the BOP to assure the transfer of custody from BOP to ODRC for the completion of his sentence."

{¶ 9} On January 11, 2014, appellant filed a reply to the state's memorandum contra.  In his reply, appellant argued that "[t]he express language in paragraph three of the plea agreement makes it clear that the only circumstance under which the State of Ohio can place a detainer on Schlichter is if he 'receives a federal sentence that is less than ten years.' "

{¶ 10} By decision and entry filed November 14, 2014, the trial court denied appellant's motion for specific performance on the plea agreement.  In its decision, the court held in part:

> The parties acknowledged that the overriding intent of the written plea was to make sure that the Defendant spent 10 years in jail.  Paragraphs 3 and 4 were drafted to serve that intent. Defendant's argument is rejected by the Court.
>
> What the Defendant is actually asserting at this time - based upon his request for specific performance - is that the State performs on its bargain and withdraw the detainer; i.e., there was an agreement that the State would only be authorized to file a detainer pursuant to paragraph 3.
>
> The fact that a "detainer" was not specifically listed in paragraph 4 cannot be evidence of a meeting of the minds between the parties that the use of a detainer was specifically going to be excluded as the Defendant has argued. Defendant's argument requires this Court to read language into an otherwise clear clause.  The filing of the detainer by the State is not precluded by the clear language and intent of

the plea agreement.  Filing of the detainer by the State was not a breach of the agreement.

{¶ 11} On appeal, appellant sets forth the following assignment of error for this court's review:

The trial court erred by denying Appellant Schlichter's motion for specific performance on the plea agreement.

{¶ 12} Under his single assignment of error, appellant contends the trial court erred in denying his motion for specific performance on the plea agreement.  As he argued before the trial court, appellant maintains the express language of paragraph three of the plea agreement indicates that the only circumstance under which the state can place a detainer on him is if he "receives a federal sentence that is less than ten years."

{¶ 13} The Supreme Court of Ohio has recognized that "[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel,* 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50.  The terms of a plea agreement are to be ascertained before it can be determined whether a party breached the agreement. *State v. Blair,* 4th Dist. No. 11CA3429, 2012-Ohio-769, ¶ 15.  A plea agreement which has been breached "may be remedied by specific performance." *State v. Butts,* 112 Ohio App.3d 683, 686 (8th Dist.1996), citing *Santobello v. New York,* 404 U.S. 257 (1971).

{¶ 14} This court has noted, in the context of reviewing a claimed breach of plea agreement, that "where the facts are undisputed, a trial court's determination as to whether a certain act constitutes a breach of contract is a question of law to be reviewed de novo." *State v. Blake,* 10th Dist. No. 10AP-992, 2011-Ohio-3318, ¶ 17.  In *Blake,* however, this court recognized that "Ohio case law exists whereby the determination as to whether a plea bargain has been breached was reviewed pursuant to an abuse of discretion standard," and we further observed that "[o]ther Ohio courts do not specify which standard of review was applied in determining whether a breach of plea bargain occurred." *Id.*

{¶ 15} As indicated, appellant contends that, in light of the fact he received a federal sentence of greater than ten years (i.e., 127 months), the terms of the plea agreement precluded the state from filing a detainer.  Appellant argues that the intent of

the parties was to tie the filing of a detainer to the length of the federal sentence he "receives," as opposed to the amount of time he serves or completes.

{¶ 16} In response, the state argues that the chief flaw in appellant's argument arises from his contention that, under the terms of the plea agreement, the "only" circumstance under which the state could lodge a detainer was if he received a federal sentence that was less than the state court's ten-year sentence. The state maintains the plea agreement contains no such prohibition. We agree.

{¶ 17} At the outset, we concur with the trial court's observation that "the overriding intent" of the written plea agreement was "to make sure that the Defendant spent 10 years in jail." Consistent with such intent, paragraph three contains language expressing the parties' agreement "that if the defendant receives a federal sentence of less than ten years the State will file a detainer with the Bureau of Prisons to require the balance remaining on his concurrent ten year sentence to be served in ODRC."

{¶ 18} While the above-cited provision addresses a specific circumstance in which the state "will file a detainer" with the BOP (i.e., "if the defendant receives a federal sentence that is less than ten years"), the plea agreement contains no covenant prohibiting the state from filing a detainer under other circumstances. We note, in addition to the provisions outlined above, the plea agreement includes an integration clause providing "there are no understandings or agreements unless they have been set forth in writing herein." As argued by the state, appellant effectively seeks to import the word "only" into the terms of the plea agreement. However, the agreement contains no limiting language indicating that paragraph three sets forth the only or exclusive circumstance in which the state could exercise its right to file a detainer, and we decline to construe the agreement as containing an implied prohibition. Rather, appellant's claim that the state agreed not to file a detainer except under the circumstance outlined in paragraph three is, as found by the trial court, an attempt to "read language" into an integrated plea agreement.

{¶ 19} Federal courts, similar to Ohio, interpret and enforce plea agreements utilizing traditional contract law principles. As observed by one court, "[a] central tenet of contract law is that no party is obligated to provide more than is specified in the agreement," and therefore, "in enforcing plea agreements, the government is held only to

those promises that it actually made to the defendant." *United States v. Peglera,* 33 F.3d 412, 413 (4th Cir.1994).  Stated otherwise, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make."  *United States v. Fentress,* 792 F.2d 461, 464 (4th Cir.1986).

{¶ 20} Upon review, whether we utilize a de novo or abuse of discretion standard of review, we reject appellant's interpretation of the plea agreement and find no error with the trial court's determination that the state's filing of the detainer did not constitute a breach of the plea agreement.  Accordingly, we conclude that the trial court did not err in denying appellant's motion for specific performance.[1]

{¶ 21} Based upon the foregoing, appellant's single assignment of error is without merit and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____

---

[1] The state has raised an alternative argument for affirmance, asserting a purported jurisdictional issue based on the Supreme Court's recent decision in *State v. Gilbert,* 143 Ohio St.3d 150, 2014-Ohio-4562, ¶ 13, in which the Supreme Court held that "once a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement."  The state acknowledges it "does not agree with *Gilbert,*" but contends that lack of jurisdiction should be a "two-way street," arguing that *Gilbert* "creates a jurisdictional problem with defendant's 'motion for specific performance.' " Given our disposition of appellant's assignment of error, we need not reach the state's "good for the goose, good for the gander" argument which, the state concedes, it never raised before the trial court.