**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Swain v. Harris,* **Slip Opinion No. 2017-Ohio-6962.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6962

SWAIN, APPELLANT, *v.* HARRIS,[1] WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Swain v. Harris,* Slip Opinion No. 2017-Ohio-6962.]**

*Habeas corpus—Trial court had jurisdiction to try appellant—Appellant had adequate remedy at law to challenge trial court's evidentiary ruling—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1465—Submitted May 16, 2017—Decided July 27, 2017.)

APPEAL from the Court of Appeals for Warren County,

No. CA2016-08-069.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Twelfth District Court of Appeals dismissing the petition of appellant, Sean Swain, for a writ of habeas corpus.

{¶ 2} Swain was convicted of aggravated murder in 1991, but his conviction was reversed on appeal and the cause was remanded to the trial court. *State v. Swain,*

_____

[1] Chae Harris has been substituted for Bobby Bogan, the named respondent-appellee warden.

6th Dist. Erie No. E-91-80, 1993 WL 434581, *1, 8 (Oct. 29, 1993). In 1995, Swain was retried, convicted of murder and aggravated murder, and sentenced to life in prison with the possibility of parole after 20 years. *See State v. Swain*, 6th Dist. Erie No. E-95-011, 1996 WL 402026, *1 (July 19, 1996) (affirming Swain's 1995 conviction). He is presently incarcerated at the Warren Correctional Institution.

{¶ 3} In 2016, Swain filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals. The petition asserts that the trial court acted without jurisdiction on remand in two ways: (1) it allegedly exceeded the scope of the appellate court's mandate by analyzing the admissibility of the expert testimony and (2) it permitted the jury to consider a murder charge that the state had allegedly dismissed before sentencing at Swain's first trial. Swain also claims actual innocence.

{¶ 4} Chae Harris, the warden of Warren Correctional Institution, moved to dismiss the petition. The court of appeals granted the motion, finding that Swain (1) had been "properly convicted by a court of competent jurisdiction" and (2) had an adequate remedy at law by which to raise his arguments, either on direct appeal or in an action for postconviction relief.

{¶ 5} A writ of habeas corpus "will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.

{¶ 6} First, Swain argues that the trial court lacked jurisdiction over his 1995 retrial because it exceeded the scope of the appellate court's remand order. *See State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 104, 647 N.E.2d 792 (1995) (a trial court lacks jurisdiction to depart from a higher court's mandate). But contrary to Swain's assertions, the trial court did not depart from the court of appeals' mandate. The Sixth District Court of Appeals held that the trial court had

erroneously excluded expert testimony under local discovery rules and found that the exclusion was prejudicial because some of the testimony, "if admitted and believed, may have altered the outcome of the trial." *Swain*, 1993 WL 434581, at *4. It then remanded the cause "for further proceedings not inconsistent with" its opinion. *Id.*

{¶ 7} Swain argues that the appellate court's opinion precluded the trial court from excluding the expert testimony under the Rules of Evidence. As support, he cites language in the court of appeals' opinion explaining why it was reversing the judgment and remanding the cause rather than following the approach taken in *United States v. Peters*, 937 F.2d 1422 (9th Cir.1991), in which the court remanded the cause to the district court for it to determine whether any of the testimony would have been admissible and if so, to order a new trial. *Swain*, 1993 WL 434581, at *4. But this language in no way barred the trial court from undertaking an analysis of Evid.R. 405 or concluding that some of the expert testimony was inadmissible under that rule. *See* 1996 WL 402026 at *5-6. And in any event, Swain had an adequate remedy at law by which to challenge the trial court's evidentiary ruling; indeed, he did so (unsuccessfully) on direct appeal. *Id.*; *see Appenzeller* at ¶ 9.

{¶ 8} Second, Swain claims that the trial court lacked jurisdiction to try him for murder in 1995 because the state had voluntarily dismissed that charge before sentencing in 1991 and had never reindicted him. But even assuming the invalidity of Swain's murder conviction, he was not sentenced on that charge and thus would not be entitled to habeas relief. The trial court merged Swain's murder and aggravated-murder convictions for sentencing, and he is presently serving a life sentence for aggravated murder. *State v. Swain*, Erie C.P. No. 91-CR-253 (Feb. 14, 1995). *See Haynes v. Voorhies,* 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 7 ("Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus").

**{¶ 9}** Finally, to the extent that Swain is arguing actual innocence, he had an adequate remedy at law to assert that claim. *See Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 9.

**{¶ 10}** For all these reasons, Swain has failed to state a proper claim in habeas. Moreover, because his appeal does not involve issues of public importance, substantial constitutional issues, or complex issues, we deny Swain's motion for oral argument. *See State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

**{¶ 11}** Accordingly, we affirm the judgment of the court of appeals dismissing Swain's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Sean Swain, pro se.

Michael DeWine, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

_____