[Cite as *State v. Tingler*, 2018-Ohio-1542.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                            Court of Appeals No. OT-17-024

    Appellee                                         Trial Court No. 2014-CR-044

v.

Charles Tingler                                         **DECISION AND JUDGMENT**

    Appellant                                         Decided:  April 20, 2018

* * * * *

Charles L. Tingler, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Charles Tingler, appeals pro se from the August 30, 2017 judgment of the Ottawa County Court of Common Pleas denying his motion for a new judgment entry.  The appeal was placed on the accelerated docket.

{¶ 2} Appellant was convicted in May 2015 to two counts of inducing panic and one count of aggravated menacing.  He was sentenced to a total of four years of

imprisonment. Appellant filed several motions for judicial release pursuant to R.C. 2929.20. In a nunc pro tunc judgment entry journalized November 10, 2016, the Ottawa County Court of Common Pleas granted appellant judicial release and placed him on community control. On April 10, 2017, appellant was charged with violating the terms of his community control. In a June 30, 2017 journal entry, the trial court found appellant guilty of violating the terms and conditions of his community control and re-imposed his remaining four-year prison term. Appellant did not appeal that judgment. On September 20, 2017, appellant filed a motion requesting that the June 30, 2017 judgment be re-entered to reinstate appellant's time for appeal. The trial court denied the motion on August 30, 2017. Appellant filed an accelerated appeal from this journal entry.

{¶ 3} First, we note that appellant has failed to comply with the appellate rules in several respects. He argues that we should afford him reasonable leeway in the construction of his brief.

{¶ 4} Two principles are at issue in this regard. First, pro se litigants are bound by the same rules and procedures as litigants with retained counsel. *State v. Church*, 5th Dist. Stark No. 2017CA00216, 2018-Ohio-368, ¶ 11 (citation omitted). Second, courts generally prefer to determine cases on their merits rather than procedural technicalities. *Mitchell v. Holzer Med. Ctr.*, 4th Dist. Gallia No. 16CA20, 2017-Ohio-8244, ¶ 7. To balance the two principles, courts make some reasonable allowances for the pro se litigant. *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶ 31 (6th Dist.). However, there is a limit to those allowances and the court

2.

cannot become counsel for the litigant. *In re T.C.K.*, 4th Dist. Washington No. 13CA3, 2013-Ohio-3583, ¶ 7.

{¶ 5} In the case before us, appellant did not set forth assignments of error, specifically argue how the court erred, or make references to the record where the error can be found. App.R. 12(A)(2), 16(A)(3) and (7); *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967), paragraph one of the syllabus, superseded by statute on other grounds as stated in *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.,* 18 Ohio St.3d 268, 272, 480 N.E.2d 794 (1985). Without specific assignments of error, we have nothing to review.

{¶ 6} Second, if we can, we will glean from the brief a "cognizable assignment of error." *In re T.C.K.* In this case, it is clear that appellant argues the trial court did not comply with R.C. 2929.20(J) when it granted his motion for judicial release. However, that issue is unrelated to the judgment appealed. Appellant filed an appeal from the journal entry denying his motion to have the trial court "re-enter" a journal entry (the entry finding him guilty of violating the terms and conditions of his community control and re-imposing the remainder of his original sentence). Therefore, the only issue we can address on appeal is whether the trial court erred in denying this motion.

{¶ 7} Third, even if we consider whether the trial court erred in rendering its decision, it is clear as a matter of law that it did not. A trial court has no jurisdiction to "re-enter" a prior journal entry in order to enable a party to perfect an appeal. Once a judgment satisfies the requirements Crim.R. 32(C), it becomes a final judgment. *State v.*

3.

*Gilbert,* 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 8. The trial court is not, "'[a]bsent statutory authority, * * * empowered to modify a criminal sentence by reconsidering its own final judgment.'" *Id.*, quoting *State v. Carlisle*, 131 Ohio St. 3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1. "[F]inality creates 'certainty in the law and public confidence in the system's ability to resolve disputes.'" *Id.* (citations omitted). Thus, the trial court in this case had no authority to re-journalize the final order of June 30, 2017, and we find no merit to appellant's appeal.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

4.