[Cite as *State v. Graham*, 2018-Ohio-5003.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-017

    Appellee                                Trial Court No. 2017CR0134

v.

Stacey Graham                               **DECISION AND JUDGMENT**

    Appellant                               Decided:  December 14, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Nathan T. Oswald, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas which, following a bench trial, found appellant guilty of one count of burglary and

sentenced him to a prison term of 36 months to be served consecutively to an 18-month

sentence imposed by the Sandusky County Court of Common Pleas in case No.

16CR1168. For the reasons set forth below, this court reverses the judgment of the trial court and remands the matter for a new trial.

{¶ 2} On April 20, 2017, appellant Stacey Graham was indicted by a Wood County Grand Jury on the charge of burglary, a violation of R.C. 2911.12(A)(3), a felony in the third degree under R.C. 2911.12(D). Appellee alleged appellant committed theft from a Walmart in Bowling Green, Ohio, on or about March 2, 2017.

{¶ 3} After a period of discovery and pretrial hearings, a bench trial commenced on December 20, 2017. At the conclusion of the prosecution's case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A), which the trial court denied. Appellant then rested, offering no testimony or exhibits. At the conclusion of closing arguments the trial court convicted appellant of one count of burglary, a violation of R.C. 2911.12(A)(3) and 2911.12(D), a felony of the third degree. The verdict was journalized on December 28, 2017.

{¶ 4} Following appellant's conviction, on February 2, 2018, the trial court sentenced appellant to serve a 36-month prison term to run consecutively to an 18-month sentence imposed by the Sandusky County Court of Common Pleas in case No. 16CR1168. Among the findings made by the trial court in determining the sentence was appellant's 27-year criminal history involving multiple violations of community control and multiple convictions for theft-related offenses. Prior to March 2, 2017, appellant had been barred from Walmart "after previous thefts from that institution [committed] for the sole purpose of committing a theft in this business." In addition, at the time of

2.

committing the offense, appellant was under judicial release from another conviction. The sentencing judgment entry was journalized on February 6, 2018, followed by a nunc pro tunc sentencing judgment entry journalized on October 11, 2018.

{¶ 5} It is from the trial court's February 6, 2018 journalized sentencing judgment entry which appellant filed his appeal on March 6, 2018, setting forth four assignments of error:

I. The trial court wrongly denied Appellant's motion for judgment of acquittal pursuant to Crim.R. 29, because the evidence was insufficient to find that he trespassed at Wal-Mart by force, stealth, or deception.

II. The trial court wrongly convicted Appellant of burglary because the evidence was insufficient to find that he trespassed by force, stealth, or deception [where:] (a) [t]he evidence is insufficient to find that [Appellant] trespassed by deception or stealth, and (b) [t]here was insufficient evidence at trial to find that [Appellant] trespassed at Wal-Mart by force when he walked through open, public access doors.

III. The trial court lacked jurisdiction to conduct a trial to the court because Appellant did not effectively waive his right to a jury trial.

IV. The record clearly and convincingly fails to support the imposition of the maximum sentence on [Appellant].

{¶ 6} We will first address appellant's third assignment of error, which is dispositive.

3.

**{¶ 7}** In support of his third assignment of error, appellant argued the trial court failed to strictly comply with R.C. 2945.05 regarding his waiver of a jury trial. Appellant argued the trial court's failure resulted in a conviction and sentence for which the trial court lacked jurisdiction to determine and impose. Appellant alleges the "record lacks a written waiver signed by Graham. Instead, the trial court considered statements by counsel as sufficient to waive a jury * * *."

**{¶ 8}** In response, appellee conceded the trial court failed to properly obtain appellant's waiver of his right to a jury trial.

**{¶ 9}** We review an appellant's right to a jury trial de novo, as it is a question of law. *See State v. Lear*, 6th Dist. Lucas No. L-17-1261, 2018-Ohio-1874, ¶ 10.

**{¶ 10}** "The accused's right to be tried by a jury is secured in this state by Section 10, Article I of the Ohio Constitution and R.C. 2945.17." *State v. Tate*, 59 Ohio St.2d 50, 51-52, 391 N.E.2d 738 (1979). Ohio Constitution, Article I, Section 10 states, in part, "In any trial, in any court, the party accused shall be allowed to appear and defend * * * and to have * * * speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

**{¶ 11}** R.C. 2945.17(A)-(B) states:

(A) At any trial, in any court, for the violation of any statute of this state * * *, the accused has the right to be tried by a jury.

4.

(B) The right to be tried by a jury that is granted under division (A) of this section does not apply to a violation of a statute or ordinance that is any of the following:

(1) A violation that is a minor misdemeanor;

(2) A violation for which the potential penalty does not include the possibility of a prison term or jail term and for which the possible fine does not exceed one thousand dollars.

{¶ 12} Appellant's violation of R.C. 2911.12(A)(3) for burglary is a felony of the third degree. R.C. 2911.12(D). A felony of the third degree carries a minimum nine-month prison term. R.C. 2929.14(A)(3). Therefore, under both the Ohio Constitution and R.C. 2945.17(A), appellant had a right to be tried by a jury.

{¶ 13} Appellant, however, had the right to waive his right to be tried by a jury. R.C. 2945.05; Crim.R. 23(A). Under the authority of the Ohio Constitution, Article IV, Section 5(B), Crim.R. 23(A) supersedes R.C. 2945.05 "to the extent of any conflict." *Tate* at 53-54. Thus, the procedure required for an effective waiver of the right to a jury trial requires us to initially determine whether appellant's offense constituted a "serious offense" under Crim.R. 23(A), which states, in part:

In serious offense cases, the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney.

5.

**{¶ 14}** A "serious offense" is defined as "any felony * * * for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Appellant's violation of R.C. 2911.12(A)(3) was a felony of the third degree with a minimum nine-month prison term. R.C. 2911.12(D); R.C. 2929.14(A)(3). Consequently, appellant's burglary conviction is deemed a "serious offense" for purposes of Crim.R. 23(A) pursuant to R.C. 2901.04(A).

**{¶ 15}** Under Crim.R. 23(A), appellant's waiver of his right to a jury trial required the waiver to be "made knowingly, intelligently, and voluntarily, and in writing." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6. The specific manner in which appellant could effectively waive the right to a jury trial was proscribed by R.C. 2945.05. *Id.* at ¶ 6-8; *State v. Brown*, 6th Dist. Wood No. WD-09-058, 2010-Ohio-1698, ¶ 93.

**{¶ 16}** R.C. 2945.05 states:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause

6.

may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶ 17} "Therefore, to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Lomax* at ¶ 9.

{¶ 18} We reviewed the record before us. It is undisputed by the parties the record does not contain a written jury trial waiver signed by appellant. Although Crim.R. 23(A) authorizes appellant to waive his right to a jury trial "during trial with the approval of the court and the consent of the prosecuting attorney," we do not find evidence in the record of an effective waiver during trial.

{¶ 19} The first mention of a jury trial waiver by appellant is in the trial court's order journalized on August 30, 2017, which states in part, "Upon request of counsel, **IT IS ORDERED** that his matter is hereby scheduled for a Court Trial on **October 31, 2017 at 9:00 a.m.** in Courtroom One of the Wood County Common Pleas Court." (Emphasis sic.)

7.

{¶ 20} The second mention of a jury trial waiver by appellant is in the transcript of the bench trial held on December 20, 2017. Prior to the parties' opening statements, the trial court opened the proceedings with the following:

> Court: Thank you. You may be seated, please. This is the State of Ohio v Stacey Graham, 2017-CR-134. It comes before the court today for a court trial. Present in the courtroom is David Romaker on behalf of the State of Ohio, William Stephenson on behalf of the defendant. You are Stacey Graham; is that correct?
>
> A: Yes, sir. I am.
>
> Court: I also note that Reid Rothsenbuhler is also present, representing the defendant. We are set for court trial today, the defendant having previously waived his right to a jury trial. Are counsel ready to proceed?
>
> Mr. Stephenson: Yes.
>
> Mr. Romaker: The state is, yes.

{¶ 21} The trial transcript shows appellant, appellant's counsel, the prosecuting attorney, and the trial judge all tacitly consented to proceeding with a bench trial without objection. However, as raised in this appeal, whether or not appellant effectively waived his right to a jury trial is reviewed for plain error. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 15 (typically plain error review occurs where "if a party forfeits an objection in the trial court."); *State v. Riggins*, 2017-Ohio-80, 80 N.E.3d

8.

1156, ¶ 6 (9th Dist.) (plain error standard applies where defendant "did not object when the court held a bench trial in the absence of a valid jury waiver.").

{¶ 22} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). A finding of plain error requires three determinations: "[1] there must be an error, i.e., a deviation from the legal rule"[;] * * * [(2)] the error must be plain [i.e.,] * * *an 'obvious' defect in the trial proceedings[;] * * * [and (3)] the error must have affected 'substantial rights,' [i.e.,] * * * the trial court's error must have affected the outcome of the trial. *Payne* at ¶ 16, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). The burden is on the party asserting plain error. *Id.* at ¶ 17, citing *State v. Jester*, 32 Ohio St.3d 147, 150, 512 N.E.2d 962 (1987). "Plain error does not exist unless it can be said that but for the error, the outcome below would clearly have been otherwise." *State v. Jells*, 53 Ohio St.3d 22, 24, 559 N.E.2d 464 (1990), citing *State v. Long*, 53 Ohio St.2d 91, 93, 372 N.E.2d 804 (1978), paragraph two of the syllabus and *State v. Greer*, 39 Ohio St.3d 236, 252, 530 N.E.2d 382 (1988) ("Absent objection, the error will not affect the sentence unless it is clear beyond a reasonable doubt that the result would have been otherwise without the error.").

{¶ 23} Strict compliance with the clear and unambiguous requirements of R.C. 2945.05 was required for an effective waiver by appellant to his right to a jury trial. *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983, ¶ 9, citing *State v. Pless*, 74 Ohio St.3d 333, 339-340, 658 N.E.2d 766 (1996) and *Tate*, 59 Ohio St.2d at 53-54,

9.

391 N.E.2d 738. The absence of evidence of strict compliance with R.C. 2945.05 means "a trial court lacks jurisdiction to try the defendant without a jury." *Id.*, citing *Pless* at 339. Even if appellant tacitly consented to the trial court's jurisdiction to proceed with a bench trial, his consent could not create subject-matter jurisdiction contrary to what was fixed by the law. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 10.

{¶ 24} We find the trial court committed plain error when it proceeded with a bench trial in this matter. First, there was an error that deviated from the legal rule vesting appellant with the right to a jury trial. Second, the error was plain because it was obvious. The record does not contain a filed, written waiver signed by appellant and made in open court. The trial court's two mentions of appellant's jury trial waiver cannot substitute for the foregoing requirements. An effective waiver cannot be presumed by appellant's silence, where every reasonable presumption should be made against a waiver "'when it relates to a right or privilege deemed so valuable as to be secured by the Constitution.'" *Tate* at 53, quoting *Simmons v. State*, 75 Ohio St. 346, 352, 79 N.E. 555 (1906). Third, the error affected appellant's substantial right to a jury trial. As a result, appellant is entitled to a new trial. *Id.* at 54.

{¶ 25} Appellant's third assignment of error is well-taken.

{¶ 26} Having found appellant's third assignment of error is well-taken, we find appellant's remaining assignments of error are moot. App.R. 12(A)(c).

10.

**{¶ 27}** On consideration whereof, we find that substantial justice has not been done in this matter. The judgment of the Wood County Court of Common Pleas is reversed and the matter is remanded to the trial court for a new trial. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                              JUDGE
James D. Jensen, J.

                                                _____
Christine E. Mayle, P.J.                              JUDGE
CONCUR.

                                                _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.