[Cite as *State v. Wood*, 2023-Ohio-2789.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2022-CA-57 |
| v. | : | Trial Court Case No. 21CR0384 |
| MICHAEL A. WOOD | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 11, 2023

. . . . . . . . . . .

KEVIN J. MILLER, Attorney for Appellee

BLAISE KATTER, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Due to procedural irregularities that occurred at the trial court level, appellant, Michael A. Wood, is appealing from a judgment of the Clark County Court of Common Pleas that overruled his motion to suppress in Clark C.P. No. 21-CR-0384. For the following reasons, Wood's appeal will be dismissed for lack of a final, appealable order.

## Facts and Course of Proceedings

{¶ 2} On June 22, 2021, a Clark County grand jury returned an indictment in Case No. 21-CR-0384 that charged Wood with four, third-degree-felony counts of operating a vehicle under the influence of alcohol (OVI) and accompanying repeat-offender specifications. Wood pled not guilty to the charges and specifications and filed a motion to suppress. On February 28, 2022, the trial court held a suppression hearing. After considering the testimony and the evidence presented at the suppression hearing, on March 28, 2022, the trial court issued a written decision overruling Wood's motion to suppress.

{¶ 3} Approximately two months after overruling Wood's motion to suppress, the State reindicted Wood in Clark C.P. No. 22-CR-0488 for the purpose of charging Wood with an additional OVI count and repeat-offender specification. The new case, Case No. 22-CR-0488, concerned the exact same conduct for which Wood had been indicted in Case No. 21-CR-0384, as it included the same four original counts and specifications. The only difference was that Case No. 22-CR-0488 added a fifth OVI count. Both cases remained active and were treated interchangeably by the parties until the State made an oral motion to dismiss Case No. 21-CR-0384 on the last day of Wood's jury trial. The trial court granted the motion to dismiss, and the matter thereafter proceeded solely under Case No. 22-CR-0488. The trial court never consolidated the cases.

{¶ 4} After deliberating, the jury found Wood guilty of three OVI counts and their attendant repeat-offender specifications. The trial court merged all the offenses and specifications at sentencing and ordered Wood to serve an aggregate term of 72 months

in prison. Following his conviction, Wood filed a notice of appeal in Case No. 22-CR-0488 (the case under which he was convicted). Wood also filed a notice of appeal in Case No. 21-CR-0384 (the dismissed case under which he was initially indicted). Wood appeals from Case No. 21-CR-0384 because he wants to challenge aspects of the trial court's judgment overruling his motion to suppress, which was rendered solely under Case No. 21-CR-0384.

## Lack of Final Appealable Order

{¶ 5} An appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 6} "In order to be final, an order must comply with the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable." (Citation omitted.) *In re Guardianship of Igah*, 2d Dist. Montgomery No. 26416, 2015-Ohio-4511, ¶ 19. "R.C. 2505.02 defines a final order for purposes of appeal." *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 18. As pertinent here, R.C. 2505.02(B)(1) provides that: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"

{¶ 7} "An entry concluding or resolving a case is generally considered a final order

under R.C. 2505.02(B)(1), as it is an 'order that affects a substantial right in an action that in effect determines the action and prevents a judgment.' " *State v. Slack*, 2d Dist. Montgomery No. 28921, 2021-Ohio-974, ¶ 3. Therefore, "[i]n an appeal from a criminal case, the final order is usually the sentencing entry journalized at the conclusion of the case." *Id.* In addition, "[i]n criminal cases, the Supreme Court of Ohio has tied finality under R.C. 2505.02 to the requirements of Crim.R. 32(C)[.]" *Id.* Specifically, the Supreme Court has stated that:

> Crim.R. 32(C) lists the requirements for a valid final judgment in a criminal case. It provides that a judgment must set forth the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating that the clerk entered the judgment in the journal. We have said that such a judgment "is a final order subject to appeal under R.C. 2505.02."

*State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 8, quoting *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 1. (Other citation omitted.)

{¶ 8} The trial court's judgment overruling Wood's motion to suppress in Case No. 21-CR-0384 is not a final judgment or final order because it did not determine the criminal action against Wood. *See State v. Hardy*, 2d Dist. Montgomery No. 18301, 2001 WL 62511, *3 (Jan. 26, 2001). Instead, the criminal action was determined under Case No. 22-CR-0488. By the time Wood's criminal action was determined, Case No. 21-CR-0384 had already been dismissed at the State's request. Accordingly, Case No. 21-CR-0384 does not present a final, appealable order that this court has jurisdiction to review.

**{¶ 9}** We note that on July 19, 2023, this court issued an order for the record of Case No. 22-CR-0488 to be supplemented with the record of Case No. 21-CR-0384 so that the suppression proceedings would be available to review in Case No. 22-CR-0488. The clerk filed an amended notice of filing the transcript on July 20, 2023, reflecting that the record in that case has been supplemented. Therefore, Wood's suppression arguments will be addressed under Case No. 22-CR-0488.

## Conclusion

**{¶ 10}** For the foregoing reasons, this appeal is dismissed for lack of a final, appealable order.

. . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.