**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Driggins v. Bracy*, Slip Opinion No. 2023-Ohio-4018.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4018

DRIGGINS, APPELLANT, *v.* BRACY,[1] WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Driggins v. Bracy*, Slip Opinion No. 2023-Ohio-4018.]**

*Habeas corpus—Inmate failed to show he was entitled to immediate release from prison or confinement—Court of appeals' judgment dismissing petition affirmed.*

(No. 2023-0311—Submitted September 12, 2023—Decided November 8, 2023.)

APPEAL from the Court of Appeals for Mahoning County, No. 22 MA 0039, 2023-Ohio-205.

_____

**Per Curiam.**

{¶ 1} Appellant, Ryan Driggins, appeals the judgment of the Seventh District Court of Appeals dismissing his petition for a writ of habeas corpus against Richard A. Bowen Jr., the former warden of the Ohio State Penitentiary. In 2007,

_____

1. The current warden of the Ohio State Penitentiary, Charmaine Bracy, is automatically substituted as appellee for the former warden, Richard A. Bowen Jr., under S.Ct.Prac.R. 4.06(B).

after accepting a plea deal and agreeing to testify against a potential codefendant, Driggins pleaded guilty to one count of murder with a firearm specification and one count of aggravated robbery and was sentenced to 18 years to life in prison. His convictions and sentence were vacated after he failed to cooperate with prosecutors, and following a jury trial in 2009, he was convicted of murder, aggravated robbery, and aggravated burglary and of three-year firearm specifications and was sentenced to 38 years to life in prison.

{¶ 2} In 2022, Driggins petitioned the court of appeals for a writ of habeas corpus, arguing that under this court's decision in *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, the sentencing court lacked subject-matter jurisdiction over his case after it issued a final judgment in 2007. The court of appeals agreed that the trial court lacked subject-matter jurisdiction to vacate Driggins's convictions and sentence in 2009 but dismissed the petition because the 2007 convictions and sentence were still valid and his maximum sentence had not expired. We affirm the court of appeals' judgment.

## FACTS AND PROCEDURAL HISTORY

{¶ 3} In March 2007, Driggins was indicted in Cuyahoga County on charges of aggravated murder, aggravated robbery, and aggravated burglary. He subsequently agreed to a plea deal under which the state would reduce the severity of the charges against him in exchange for his testifying against potential codefendants. In August 2007, Driggins pleaded guilty to one count of murder with a firearm specification and one count of aggravated robbery. He was sentenced to 18 years to life in prison.

{¶ 4} In June 2008, the state moved the trial court to vacate Driggins's plea, reinstate the original charges, and set the case for trial. The basis for the state's motion was that Driggins had refused to testify against a coconspirator, thus violating the terms of his plea deal. The trial court granted the motion and in August 2009, a jury convicted Driggins of two counts of murder, two counts of aggravated

robbery, and two counts of aggravated burglary. Each count included a three-year firearm specification. Driggins was sentenced to an aggregate term of 38 years to life in prison. The convictions and sentence were affirmed on direct appeal. *State v. Driggins*, 8th Dist. Cuyahoga No. 98073, 2012-Ohio-5287. Driggins sought review in this court, but we declined to accept the appeal. 135 Ohio St.3d 1416, 2013-Ohio-1622, 986 N.E.2d 31.

**{¶ 5}** In May 2022, Driggins petitioned the Seventh District Court of Appeals for a writ of habeas corpus. Citing *Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, Driggins argued that his trial court lacked jurisdiction to grant the state's motion to vacate his 2007 convictions and sentence, rendering his 2009 convictions and sentence void. Driggins asked the court of appeals to order his release from incarceration.

**{¶ 6}** The warden filed a Civ.R. 12(B)(6) motion to dismiss, arguing that Driggins's petition should be dismissed because the trial court still had subject-matter jurisdiction over the case when Driggins was convicted and sentenced in 2009, rendering the 2009 judgment of conviction and sentence voidable but not void. Alternatively, the warden argued that even if the 2009 convictions and sentence were void, the original convictions and sentence from 2007 were not, and Driggins therefore was not entitled to immediate release.

**{¶ 7}** The court of appeals agreed with Driggins that the trial court lacked subject-matter jurisdiction to vacate his convictions and sentence in 2009. However, the court of appeals agreed with the warden that Driggins was not entitled to immediate release because, assuming his 2009 convictions and sentence were unlawful, his 2007 convictions and sentence, which included a maximum term of life imprisonment, would remain.

## ANALYSIS

**{¶ 8}** This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *State ex rel. Norris v. Wainwright*, 158 Ohio

St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. Dismissal is appropriate when it appears beyond doubt, taking all factual allegations in the petition as true, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4.

{¶ 9} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. If a person is in custody by virtue of a judgment of a court of competent jurisdiction, a writ of habeas corpus is not available. R.C. 2725.05; *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). "A writ of habeas corpus is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). A petitioner may obtain a writ of habeas corpus, regardless of the availability of other remedies, when the trial court's judgment of conviction is void for lack of subject-matter jurisdiction. *Id.* at ¶ 9; *see also Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8.

{¶ 10} The court of appeals dismissed Driggins's petition, holding that he could not show he was entitled to immediate release. This court has repeatedly declined to order an inmate's release when the petitioner is still subject to a valid criminal conviction. " 'Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.' " *Swain v. Harris*, 150 Ohio St.3d 459, 2017-Ohio-6962, 82 N.E.3d 1168, ¶ 8, quoting *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 7. Similarly, this court has rejected habeas claims that "relate to an earlier consideration of parole rather

than entitlement to immediate release from prison." *Douglas v. Money*, 85 Ohio St.3d 348, 349-350, 708 N.E.2d 697 (1999).

{¶ 11} Driggins's claim was premised on the argument that his 2009 convictions and sentence were void because the trial court lacked subject-matter jurisdiction to vacate his 2007 convictions and sentence. But even if Driggins is correct that the trial court lacked jurisdiction to vacate his 2007 convictions and the 18-years-to-life prison sentence he received, then those convictions and sentence remain untouched and provide the state with authority to incarcerate him, regardless of the jurisdictional defects in his 2009 convictions and sentence. Because Driggins is not subject to immediate release from prison or confinement, we affirm the appellate court's decision to dismiss the petition.

## CONCLUSION

{¶ 12} We affirm the Seventh District Court of Appeals' judgment dismissing Driggins's petition for a writ of habeas corpus.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

––––––––––––––––

Allison F. Hibbard and Mary Catherine Corrigan, for appellant.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

––––––––––––––––