[Cite as *State v. Oliver*, 2016-Ohio-475.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-810 |
| | | (C.P.C. No. 04CR-1578) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Robert A. Oliver, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 9, 2016

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Robert A. Oliver*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Robert A. Oliver, appeals from a decision and entry of the Franklin County Court of Common Pleas denying Oliver's "Motion for Resentencing to Vacate a Void Judgment."  For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2}  By indictment filed March 10, 2004, plaintiff-appellee, State of Ohio, charged Oliver with one count of murder, in violation of R.C. 2903.02, a felony of the first degree, and one count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree.  Both charges had accompanying firearm specifications.  The charges related to the aggravated robbery and death of Zane Wilson.  Oliver initially entered a plea of not guilty.

{¶ 3}   In October 2004, the parties reached a plea agreement under which the state would allow Oliver to plead guilty to the stipulated lesser-included offense of involuntary manslaughter and aggravated robbery, both with specifications, and the parties would jointly recommend an aggregate sentence of 17 years.  In exchange, Oliver agreed to cooperate fully with the investigation and prosecution of the crimes against Wilson, including agreeing to testify fully and truthfully in any proceeding concerning those crimes.  The agreement specifically stated that "if at any time [Oliver] refuses to testify or testifies falsely in any proceeding covered by this Plea Agreement, the Franklin County Prosecutor's Office may declare this agreement null and void and automatically reinstate and prosecute fully the original charges in this case."  (Plea Agreement, ¶ 7.) Further, should Oliver fail to cooperate with the terms of the plea agreement, the plea agreement provided "the parties shall be returned to the positions they were in before this agreement," and Oliver "waives any argument he may have concerning double jeopardy." (Plea Agreement, ¶ 8.)

{¶ 4}   Pursuant to the plea agreement, Oliver entered a guilty plea.  Following an October 19, 2004 sentencing hearing, the trial court sentenced Oliver to the jointly-recommended sentence of 17 years.  The trial court journalized Oliver's conviction and sentence in an October 29, 2004 judgment entry.  Oliver did not appeal his conviction or sentence.

{¶ 5}   On September 23, 2005, nearly 11 months after the trial court originally sentenced Oliver, the state filed a "Motion to Void Defendant's Plea Agreement."  The state argued Oliver failed to abide by the terms of the plea agreement by not testifying fully and truthfully in the state's prosecution of Jason Hayes for the crimes against Wilson.  Instead, the state alleged Oliver had sent a letter to Hayes indicating he intended to testify on Hayes' behalf.  When the state called Oliver to testify in the prosecution of Hayes, the state argued Oliver "violated the terms of his Plea Agreement by refusing to testify fully and truthfully against" Hayes. (Motion to Void Defendant's Plea Agreement.)

{¶ 6}   Following a February 10, 2006 hearing, the trial court issued a February 17, 2006 entry granting the state's motion to void Oliver's plea agreement, voiding Oliver's plea agreement, reactivating the case, and ordering the case to be set for trial. Subsequently, the parties entered into a second plea agreement, again permitting Oliver

to enter guilty pleas to involuntary manslaughter and aggravated robbery, both with specifications, but the second plea agreement did not include a joint recommendation as to sentence. Following a hearing, the trial court sentenced Oliver to an aggregate prison term of 23 years in prison, journalizing Oliver's conviction and sentence in a March 3, 2006 judgment entry. Oliver did not appeal from his conviction or sentence.

{¶ 7} More than eight years after the trial court convicted and sentenced him pursuant to the second plea agreement, Oliver filed, on January 15, 2015, a "Motion for Resentencing to Vacate a Void Judgment." Oliver argued that, pursuant to the Supreme Court of Ohio's recent decision in *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, the trial court lacked subject-matter jurisdiction to vacate his original guilty plea and, thus, the judgment entry imposing the 23-year sentence was void. Because he contended the trial court lacked jurisdiction to void his guilty plea after it had issued a valid final judgment of conviction and sentence, Oliver asked the trial court to reinstate the judgment entry imposing the 17-year sentence. The state filed a memorandum contra on February 12, 2015, and Oliver filed a reply on February 26, 2015.

{¶ 8} In a July 28, 2015 decision and entry, the trial court denied Oliver's motion to vacate a void judgment. Oliver timely appeals.

## II. Assignment of Error

{¶ 9} Oliver assigns the following error for our review:

> The trial court erred when dismissing Oliver's motion to vacate when his guilty plea was void pursuant to State v Gilbert 2014-Ohio-4562. And abused its discretion to vacate its judgment pursuant to [*Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052].

## III. Discussion

{¶ 10} In his sole assignment of error, Oliver argues the trial court erred when it denied his motion to vacate a void judgment. More specifically, Oliver argues the trial court lacked subject-matter jurisdiction to void his original guilty plea and subsequently reconvict and resentence him under the second guilty plea. An appellate court reviews de novo the question of whether a court of common pleas possesses subject-matter jurisdiction. *State v. Conway*, 10th Dist. No. 12AP-412, 2013-Ohio-3741, ¶ 9, citing

*Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9.

{¶ 11} In *Gilbert*, the Supreme Court held that "[o]nce a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement." *Id.* at syllabus. The facts in *Gilbert* are almost identical to the facts here. In *Gilbert*, the defendant was indicted on several charges but agreed in a plea agreement to testify against his father in a murder case in exchange for the state amending or dismissing some of the charges against him. *Id.* at ¶ 2. Without waiting for Gilbert to testify against his father, as anticipated in the plea agreement, the trial court sentenced Gilbert to a prison term of 18 years. *Id.* at ¶ 4. Subsequently, after he began serving his prison term, Gilbert refused to testify as promised. A year after the trial court initially sentenced him, the state filed a motion asking the trial court to vacate Gilbert's plea because of his failure to cooperate with the state as he had agreed. *Id.* at ¶ 5. The trial court granted the state's request, withdrew the original plea agreement, and vacated the sentence. Gilbert then entered into a second plea agreement and received a sentence of 18 years to life imprisonment. *Id.*

{¶ 12} On appeal, the First District Court of Appeals ordered briefing on the issue of whether the trial court had jurisdiction to grant the state's motion to vacate the plea and then reconsider its own judgment and resentence Gilbert. *Id.* at ¶ 5. The First District reversed and remanded to the trial court to vacate its order granting the state's motion to vacate the original plea and sentence and ordered the trial court to reinstate its original sentence. *Id.* at ¶ 6.

{¶ 13} The Supreme Court agreed with the First District, noting that Crim.R. 32(C) lists the requirements of a valid final judgment in a criminal case as one setting forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating that the clerk entered the judgment in the journal. *Gilbert* at ¶ 8. The Supreme Court then held that "[o]nce a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *Id.* at ¶ 9. The Supreme Court noted the state's argument that contract principles apply to the interpretation and enforcement of plea agreements, but concluded "those principles are not so flexible to permit jurisdiction

to be maintained in perpetuity to enforce such agreements." *Id.*, citing *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50. Ultimately, the Supreme Court concluded that "[if] the trial court is concerned with the defendant abiding by the terms of the plea agreement, the solution is to postpone sentencing until after the defendant has performed the desired act." *Id.* at ¶ 13.

{¶ 14} Here, the trial court's October 29, 2004 judgment entry was a final judgment satisfying the requirements of Crim.R. 32(C). We agree with Oliver that *Gilbert* is directly applicable to this case, and, based on *Gilbert*, we conclude the trial court lacked jurisdiction to entertain the state's post-sentence motion to vacate Oliver's guilty plea and sentence based on his alleged violation of the plea agreement.

{¶ 15} The state acknowledges *Gilbert* but advances several arguments why *Gilbert* should not apply here. First, the state argues Oliver waived any argument he may have had regarding the trial court's jurisdiction to vacate his plea agreement and subsequently resentence him because Oliver did not file a direct appeal from the March 3, 2006 judgment entry. However, " '[b]ecause subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.' " *State v. Chavis*, 10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 17, quoting *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873, ¶ 9, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Thus, Oliver's failure to file a direct appeal from the trial court's March 3, 2006 judgment entry does not bar this court from reviewing his jurisdictional argument at this time. *Id.*, citing *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. No. 13AP-318, 2014-Ohio-1459, ¶ 10 (noting a judgment rendered by a court lacking subject-matter jurisdiction is void ab initio, and Ohio courts possess the inherent authority to vacate a void judgment at any time), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraphs three and four of the syllabus.

{¶ 16} Additionally, the state argues that because the Supreme Court did not decide *Gilbert* until 2014, that decision does not retroactively apply to the trial court's February 17, 2006 entry granting the state's motion to void Oliver's plea agreement or to the trial court's subsequent judgment entry convicting and sentencing Oliver under the second plea agreement. *See Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6 (stating a "new judicial ruling may not be applied retroactively to a conviction that has

become final, i.e., where the accused has exhausted all of his appellate remedies"). However, *Gilbert* does not create any new rights that Oliver is attempting to apply retroactively to his case; instead, *Gilbert* clarifies that "once a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement." *Gilbert* at ¶ 13. Even in the absence of the *Gilbert* decision, the jurisdictional principle remains the same: "[a] judgment rendered by a court lacking subject matter jurisdiction is void ab initio." *Patton* at paragraph three of the syllabus. *See also State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 1 (noting "[a]bsent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment").

{¶ 17} The state also advances several additional arguments as to why *Gilbert* should not apply to Oliver's case, including (1) whether *Gilbert* precludes the state from utilizing Civ.R. 60(B), via Crim.R. 57(B), to seek relief from a final judgment of conviction, (2) whether *Gilbert* would apply to bar the state from filing a Crim.R. 32.1 motion to withdraw a plea agreement after sentencing, and (3) whether the equitable doctrine of laches prohibits a defendant from waiting an unreasonable amount of time before asserting a right. None of these arguments can overcome the fact that when the trial court granted the state's motion to void Oliver's plea, reconvicted Oliver under a new plea agreement, and resentenced Oliver pursuant to that new plea agreement, the trial court did so without jurisdiction. *See, e.g., State v. R.D.*, 10th Dist. No. 13AP-847, 2014-Ohio-5100, ¶ 12 (noting a judgment entered by a court lacking subject-matter jurisdiction "is a nullity and void ab initio"). Therefore, we hold the trial court's February 17, 2006 entry voiding Oliver's original plea and reactivating the case and the trial court's March 3, 2006 judgment entry purporting to resentence Oliver under the new plea agreement are nullities and void ab initio. Accordingly, the trial court erred when it denied Oliver's motion to vacate a void judgment. We sustain Oliver's sole assignment of error.

## IV. Disposition

{¶ 18} Based on the foregoing reasons, the trial court's October 29, 2004 judgment entry was a final judgment satisfying the requirements of Crim.R. 32(C), and the trial court lacked jurisdiction to entertain the state's motion to vacate Oliver's original plea

agreement after the trial court had already sentenced Oliver.  Thus, the trial court's March 3, 2006 judgment entry purporting to resentence Oliver under the new plea agreement was a nullity and void ab initio, and the trial court erred in denying Oliver's motion to vacate a void judgment.  Having sustained Oliver's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to that court with instructions to grant Oliver's motion to vacate a void judgment and reinstate the October 29, 2004 judgment entry.

*Judgment reversed;*
*cause remanded with instructions.*

DORRIAN, P.J., and HORTON, J., concur.