[Cite as *State v. Ramilla*, 2022-Ohio-4318.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-35 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-91 |
| | : | |
| JOSEPH RAMILLA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, 2nd Floor, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JOSEPH RAMILLA, #698-694, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Joseph Ramilla appeals pro se from a judgment of the Greene County Court of Common Pleas, which overruled his "Motion to Take Judicial Notice and Vacate Convictions." Ramilla filed a timely notice of appeal on June 10, 2022.

{¶ 2} On June 28, 2013, Ramilla was indicted in Greene C.P. No. 2013-CR-340: on one count of identity fraud, five counts of receiving stolen property (RSP), one count of tampering with evidence, and one count of grand theft of a motor vehicle. All of these offenses were based upon events that occurred in late May 2013.

{¶ 3} On February 27, 2014, Ramilla was indicted in Greene C.P. No. 2014-CR-91 for one count of aggravated murder, one count of aggravated burglary, and one count of kidnapping. The offenses charged in the second indictment were also based on the May 2013 events.

{¶ 4} On February 28, 2014, in exchange for dismissal of the charges in Case No. 2013-CR-340, Ramilla pled guilty to the single counts of aggravated murder, aggravated burglary, and kidnapping in Case No. 2014-CR-91. In exchange for Ramilla's guilty pleas, the State also agreed not to seek the death penalty. The plea agreement stated in pertinent part:

> 1. Plaintiff, State of Ohio, and Defendant, Joseph Ramilla, agree to resolve all matters between them arising from the homicide of [L.H.], and other crimes related to her homicide, pursuant to the terms of this Pleas and Recommended Sentencing Agreement (hereinafter "Agreement"), subject

to the Court's approval of the terms of this Agreement. It is the intent of the parties to bring finality to these matters by way of Mr. Ramilla's acceptance of responsibility for the aggravated murder of [L.H.], his entry of guilty pleas to the crimes described herein, and his agreement not to raise any challenges to his convictions and sentences, in exchange for a sentence that includes a sentence of Life Imprisonment Without Parole, pursuant to O.R.C. 2929.03.

\* \* \*

3. \* \* \* This Agreement is entered into pursuant to the principles recognized in State v. Bethel, 110 Ohio St.3d 416, 423, [2006-Ohio-4853, 854 N.E.2d 150] (2006) ("[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements.") \* \* \*

\* \* \*

15. Defendant, with the advice of counsel, waives any and all potential claims on appeal or postconviction motion both in the State of Ohio and in the Federal court system. \* \* \*

\* \* \*

19. \* \* \* *Defendant further agrees that if he breaches the terms of this Agreement, Plaintiff shall have the right to declare null and void the terms of this Agreement, thereby vesting Plaintiff with the right to prosecute Defendant on any charges arising from the operative facts related to [L.H.]'s homicide*, including but not limited to prosecution for Aggravated Murder

with Aggravated Circumstances Specifications, which would expose Defendant Ramilla to the possibility of receiving a death sentence."

* * *

22. * * * *Defendant stipulates and agrees that any breach of this negotiated plea agreement on Defendant's part will void the plea agreement, that the double jeopardy clause of the United States and Ohio Constitution will not bar trial of Defendant on this indictment,* and the State of Ohio will bring Defendant to trial on a superseding indictment and fully prosecute Defendant to the fullest extent possible under the law, including seeking an Aggravated Murder charge with Aggravating Circumstances Specifications, under R.C. 2929.04, which could result in a death penalty sentence.

(Emphasis added.)

{¶ 5} After entering his guilty pleas pursuant to the plea agreement, Ramilla was sentenced to a mandatory term of life in prison without the possibility of parole, plus an additional 22 years. Ramilla's judgment entry of conviction was filed on February 28, 2014. Ramilla did not appeal his convictions or his aggregate sentence.

{¶ 6} On June 14, 2021, over seven years after his convictions, Ramilla filed a Motion for Leave to File Delayed Appeal. We denied Ramilla's motion for leave. Ramilla then appealed our decision to Ohio Supreme Court, which denied jurisdiction on September 28, 2021. Ramilla filed a motion for reconsideration with the Ohio Supreme Court on October 7, 2021, which the Court denied on December 14, 2021.

{¶ 7} On April 14, 2022, Ramilla filed a "Motion to Take Judicial Notice and Vacate

Convictions." The State filed a memorandum in opposition to Ramilla's motion on April 25, 2022. On May 25, 2022, the trial court issued a decision overruling Ramilla's motion. Specifically, the trial court found that, pursuant to the express terms of the plea agreement, only the State could declare the agreement null and void. The trial court also concluded that, to the extent Ramilla's motion could be construed as motion for post-conviction relief, his motion was untimely. Finally, the trial court found that Ramilla's convictions were final judgments pursuant to Crim.R. 32(C), and the trial court therefore did not have jurisdiction to adjudicate Ramilla's motion.

{¶ 8} Ramilla appeals.

{¶ 9} Because they are interrelated, we will discuss Ramilla's first and third assignments of error together:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO JUDICIAL NOTICE AND VACATE CONVICTIONS, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

THE TRIAL COURT HAD CONTINUING JURISDICTION TO ENFORCE THE PLEA AGREEMENT REACHED BETWEEN APPELLANT AND THE STATE OF OHIO.

{¶ 10} In his first assignment, Ramilla contends that the trial court erred when it overruled his motion to take judicial notice and vacate convictions. Specifically, Ramilla argues that the plea agreement was void because he had breached the agreement by

filing a motion for leave to file a delayed appeal several years after he was convicted. In his third assignment, Ramilla contends that the trial court had continuing jurisdiction to enforce the terms of the plea agreement.

{¶ 11} In *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, the Ohio Supreme Court held that "[o]nce a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement." *Id*. at syllabus. In *Gilbert*, the defendant was indicted on several charges but agreed in a plea agreement to testify against his father in a murder case in exchange for the State's amending or dismissing some of the charges against him. *Id*. at ¶ 2. Without waiting for Gilbert to testify against his father as anticipated in the plea agreement, the trial court sentenced Gilbert to a prison term of 18 years. *Id*. at ¶ 4. After he began to serve his prison term, however, Gilbert refused to testify as promised. A year after the trial court initially sentenced him, the State filed a motion asking the trial court to vacate Gilbert's plea because of his failure to cooperate with the State as he had agreed. *Id*. at ¶ 5. The trial court granted the State's request, withdrew the original plea agreement, and vacated the sentence. Gilbert then entered into a second plea agreement and received a sentence of 18 years to life imprisonment. *Id*.

{¶ 12} On appeal, the First District Court of Appeals ordered briefing on the issue of whether the trial court had had jurisdiction to grant the State's motion to vacate the plea and then reconsider its own judgment and resentence Gilbert. *Id*. at ¶ 5. The First District ruled that the trial court did not have such authority; it reversed and remanded for

the trial court to vacate its order granting the State's motion to vacate the original plea and sentence, and it ordered the trial court to reinstate its original sentence. *Id.* at ¶ 6.

**{¶ 13}** The Ohio Supreme Court agreed with the First District, noting that Crim.R. 32(C) lists the requirements of a valid final judgment in a criminal case as one setting forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating that the clerk entered the judgment in the journal. *Gilbert* at ¶ 8. The Supreme Court then held that, "[o]nce a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *Id.* at ¶ 9. The court noted the State's argument that contract principles apply to the interpretation and enforcement of plea agreements but concluded that "those principles are not so flexible to permit jurisdiction to be maintained in perpetuity to enforce such agreements." *Id.*, citing *Bethel,* 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, at ¶ 50. Ultimately, the *Gilbert* court concluded that "[if] the trial court is concerned with the defendant abiding by the terms of the plea agreement, the solution is to postpone sentencing until after the defendant has performed the desired act." *Id.* at ¶ 13; *see also State v. Oliver*, 10th Dist. Franklin No. 15AP-810, 2016-Ohio-475, ¶ 18 (the trial court's judgment entry was a final judgment satisfying the requirements of Crim.R. 32(C), and the trial court lacked jurisdiction to entertain the State's motion to vacate the defendant's plea agreement after the trial court had already sentenced him; therefore, the trial court's action to resentence the defendant under the new plea agreement was a nullity and void ab initio).

**{¶ 14}** Ramilla's judgment entry of conviction was filed on February 28, 2014. Ramilla has presented no argument that the final judgment was invalid, and it contained

all the elements set forth in Crim.R. 32(C). Therefore, we find the Ohio Supreme Court's holding in *Gilbert* to be controlling; the trial court lost jurisdiction to invalidate Ramilla's plea agreement once a valid final judgment was entered. The only difference between the instant case and *Gilbert* is that here, Ramilla, rather than the State, attempted to have the plea agreement invalidated based upon his alleged breach of the agreement. However, that difference has no bearing on our analysis. "[O]nce a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement." *Gilbert* at ¶ 13.

{¶ 15} Finally, Ramilla argues that his final judgment was void and therefore subject to collateral attack at any time. Ramilla concedes that he is out of time for filing a petition for post-conviction relief. Ramilla also argues that his "Motion to Take Judicial Notice and Vacate Convictions" was intended as a collateral attack against his judgment of conviction.

{¶ 16} "Sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1. "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *Id.* at ¶ 34. A void judgment is a nullity and open to collateral attack at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40; *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927).

{¶ 17} Here, there is no dispute that the trial court had subject matter jurisdiction over Ramilla's case. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). There is also no question that the court had personal jurisdiction. *See Johnson v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶ 11 ("[P]ersonal jurisdiction exists when the defendant has been properly served with the indictment."). Thus, Ramilla's sentence could only be challenged by an objection made at the sentencing hearing or on direct appeal, and he has already filed a motion for leave to file a delayed appeal, which we denied. *Henderson* at ¶ 27, 40, 43. Furthermore, Ramilla has failed to establish that the trial court has continuing jurisdiction to enforce the terms of the plea agreement. Ramilla has also failed to establish that the judgment entry is void and subject to collateral attack.

{¶ 18} Ramilla's first and third assignments of error are overruled.

{¶ 19} Ramilla's second assignment of error is as follows:

THE TRIAL COURT HAS FAILED TO ENFORCE THE TERMS OF APPELLANT'S PLEA AGREEMENT, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 20} In light of our disposition of Ramilla's first and third assignments of error, we need not address the merits of his second assignment of error.

{¶ 21} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Megan A. Hammond
Joseph Ramilla
Hon. Michael A. Buckwalter