[Cite as *State v. Ramilla*, 2025-Ohio-678.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2014 CR 0091 |
| | : | |
| JOSEPH RAMILLA | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 28, 2025

. . . . . . . . . . .

JOSEPH RAMILLA, Appellant, Pro Se

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Joseph Ramilla appeals from a judgment of the Greene County Court of Common Pleas denying his post-sentence "motion for specific performance." For the reasons that follow, we affirm.

## I.      Factual and Procedural History

{¶ 2} In June 2013, Ramilla was indicted on one count of identity fraud, five counts of receiving stolen property, one count of tampering with evidence, and one count of grand theft of a motor vehicle.   In February 2014, he was indicted on one count of aggravated murder, one count of aggravated burglary, and one count of kidnapping.   All of the indicted offenses stemmed from events which occurred in May 2013.

{¶ 3} Ramilla and the State entered a plea agreement.   Ramilla pleaded guilty to aggravated murder, aggravated burglary, and kidnapping; in exchange for Ramilla's guilty pleas, the State dismissed all of the charges contained in the 2013 indictment and also agreed not to seek the death penalty.   Pertinent to this appeal, the agreement stated:

1. Plaintiff, State of Ohio, and Defendant, Joseph Ramilla, agree to resolve all matters between them arising from the homicide of [L.H.], and other crimes related to her homicide, pursuant to the terms of this Plea[ ] and Recommended Sentencing Agreement (hereinafter "Agreement"), subject to the Court's approval of the terms of this Agreement. It is the intent of the parties to bring finality to these matters by way of Mr. Ramilla's acceptance of responsibility for the aggravated murder of [L.H.], his entry of guilty pleas to the crimes described herein, and his agreement not to raise any challenges to his convictions and sentences, in exchange for a sentence that includes a sentence of Life Imprisonment Without Parole, pursuant to O.R.C. 2929.03.

. . .

15. Defendant, with the advice of counsel, waives any and all potential claims on appeal or postconviction motion both in the State of Ohio and in the Federal court system. . . .

. . .

19. . . . Defendant further agrees that if he breaches the terms of this Agreement, Plaintiff shall have the right to declare null and void the terms of this Agreement, thereby vesting Plaintiff with the right to prosecute Defendant on any charges arising from the operative facts related to [L.H.]'s homicide, including but not limited to prosecution for Aggravated Murder with Aggravated Circumstances Specifications, which would expose Defendant Ramilla to the possibility of receiving a death sentence."

. . .

22. . . . Defendant stipulates and agrees that any breach of this negotiated plea agreement on Defendant's part will void the plea agreement, that the double jeopardy clause of the United States and Ohio Constitution will not bar trial of Defendant on this indictment, and the State of Ohio will bring Defendant to trial on a superseding indictment and fully prosecute Defendant to the fullest extent possible under the law, including seeking an Aggravated Murder charge with Aggravating Circumstances Specifications, under R.C. 2929.04, which could result in a death penalty sentence.

{¶ 4} The trial court accepted the pleas, found Ramilla guilty, and sentenced him

to a mandatory term of life in prison without the possibility of parole, plus an additional 22 years. Its judgment entry was filed on February 28, 2014. Ramilla did not appeal his convictions.

{¶ 5} In 2021, Ramilla filed a motion for leave to file a delayed appeal, which was denied by this court. Ramilla appealed our denial to the Ohio Supreme Court, which denied jurisdiction on September 28, 2021.

{¶ 6} In 2022, Ramilla filed a pleading in the trial court entitled "Motion to Take Judicial Notice and Vacate Convictions," in which he asked the trial court take judicial notice that he had breached the plea agreement when he attempted to file a delayed appeal. He argued that his actions "voided" the plea agreement, thereby rendering his convictions a "nullity" and requiring them to be "vacated." The trial court denied the motion. Ramilla appealed, and we affirmed the trial court's judgment. *State v. Ramilla*, 2022-Ohio-4318 (2d Dist.), *appeal not allowed,* 2023-Ohio-2236.

{¶ 7} On February 26, 2024, Ramilla filed a motion for specific performance. Again, he alleged that the plea agreement had "became [sic] voided" by his breach of the agreement by his attempt to file a delayed appeal. In the motion, he claimed the trial court had "jurisdiction to enforce specific performance of said agreement by declaring it void, and returning the parties to their original positions."

{¶ 8} The trial court denied the motion for specific performance on March 22, 2024. The trial court stated, in pertinent part: "The Court . . . finds that Ramilla's 'Motion for Specific Performance' is barred by the doctrines of law of the case and collateral estoppel, in that Ramilla brought the nearly identical motion in 2022, that motion was denied by the

trial court, and the trial court's decision was affirmed by the Second District."

{¶ 9} Ramilla appeals.

## II. Analysis

{¶ 10} Ramilla asserts the following assignments of error:

RAMILLA BREACHED THE PLEA AGREEMENT ENTERED INTO WITH THE STATE OF OHIO WHEN HE ATTEMPTED TO APPEAL HIS CONVICTIONS, THEREBY VOIDING THE AGREEMENT, AS STIPULATED IN PARAGRAPH 22 OF THE AGREEMENT

THE TRIAL COURT ERRED IN DENYING RAMILLA'S MOTION FOR SPECIFIC PERFORMANCE, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION

{¶ 11} Ramilla contends that the trial court erred in denying his motion for specific performance.  In support, he argues that his claim was not barred by res judicata and that he was entitled to specific performance because the plea agreement had been breached.

{¶ 12} The doctrine of res judicata provides that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issues as to the parties and their privies,

and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island v. Danbury Twp. Bd. of Trustees*, 69 Ohio St.2d 241, 243 (1982), quoting *Norwood v. McDonald*, 142 Ohio St. 299 (1943), paragraph one of the syllabus. The doctrine "encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 2009-Ohio-1704, ¶ 27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6. "[T]he claim preclusion concept holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Citation omitted.) *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). "The doctrine of issue preclusion . . . holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." (Citations omitted.) *Id.* "While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112 (1969). "In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit

may nevertheless affect the outcome of the second suit."  *Id.*

{¶ 13} The doctrine applies when "(1) there was a prior valid judgment on the merits; (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action); (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence."  *Reasoner v. Columbus*, 2005-Ohio-468, ¶ 5 (10th Dist.), citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-82 (1995).

{¶ 14} Here, there is no question that the judgment denying the 2022 motion to take judicial notice and vacate convictions was a valid judgment determined by a court of competent jurisdiction.  Further, both the 2022 motion and the motion for specific performance involved the same parties, and both arise from the same transaction – Ramilla's breach of the plea agreement.  Finally, the motion for specific performance could have been raised at the same time as the motion to vacate.

{¶ 15} Ramilla claims the two motions were not "nearly identical" because one sought to vacate the plea agreement while the second sought to enforce the agreement.  However, res judicata operates to "extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action*."  Wright v. Heller*, 2018-Ohio-149, ¶ 30, citing *Ft. Frye Teachers Assn.,* 81 Ohio St.3d at 395.   "Thus, an attempt to litigate the same claim using a new theory, grounds, evidence or form of relief will not circumvent res judicata."  *Id.*

{¶ 16} We agree with the trial court that the action for specific performance was barred by the doctrine of res judicata. However, even if it were not so barred, we would find Ramilla's claim lacking in merit.

{¶ 17} Specific performance is defined as "the rendering, as nearly as practicable, of a promised performance through a judgment or decree." *Black's Law Dictionary* (8 Ed.Rev.2004). As the breaching party, Ramilla had no right to specific performance. For Ramilla to claim "that he, as the party who breached the plea agreement, is entitled to benefit from his breach . . . is akin to arguing that the party who breaches a contract should be rewarded for his breach. We summarily reject such a position." *State v. West*, 2005-Ohio-990, ¶ 30 (9th Dist.). "It is fundamental that the law will not reward a breaching party." (Citations omitted.) *Id.*

{¶ 18} Further, the record demonstrates that Ramilla received the full benefit of his bargain with the State. Specifically, Ramilla entered a guilty plea to certain charges and, in exchange, the State agreed to dismiss other charges and not seek the death penalty. The State fulfilled its promise. The ability to void the plea agreement was not a benefit for which Ramilla bargained. Instead, it was clearly included as a penalty that could be afforded to the State should Ramilla violate the terms of the plea agreement. Even if the State had violated the terms of the agreement, which it has not, the remedy of specific performance would merely place Ramilla in the position in which he currently finds himself. In other words, the breach of the agreement has had no detrimental effect upon Ramilla.

{¶ 19} The trial court did not err in its judgment. Accordingly, both assignments

of error are overruled.

## III.     Conclusion

{¶ 20} Both of Ramilla's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.